UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NORMA E. MOODY,

    Plaintiff,

v.                                   Case No: 6:14-cv-1472-Orl-18TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

This matter comes before the Court on the Uncontested Motion for Attorney Fees, Pursuant to 42 U.S.C. § 406(b), filed by Plaintiff's counsel (Doc. 25). For the following reasons, I respectfully recommend that the motion be granted.

On December 18, 2015, I submitted a report and recommendation that the district judge reverse and remand the Commissioner's final adverse decision for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 20). The district judge adopted my report and recommendation on January 11, 2016 (Doc. 21) and judgment was entered the next day (Doc. 22).

On April 18, 2016, the district judge granted Plaintiff's motion for fees pursuant to the Equal Access to Justice Act ("EAJA") (Doc. 24). On remand, the Commissioner awarded Plaintiff years of past due benefits in the amount of: $71,861.00 (Doc. 25-1 at 4). Plaintiff's fee agreement provides for attorney's fees in the amount of 25% of any past due benefits awarded (Doc. 25-2). Plaintiff's attorney seeks $11,965.25 in fees, which he asserts is the amount that was withheld by the Social Security Administration for the payment of attorney's fees, minus a previous award of § 406(a) fees in the amount of

$6,000.00 (Doc. 25 at 1-2, ¶¶ 2-3). Counsel represents that "[t]he Commissioner has no objection to Plaintiff's request for attorney fees in the amount of $11,965.25" (Id. at 4, ¶ 12).

### I. The Applicable Law

There are three statutory provisions under which attorneys representing claimants in Social Security Disability cases may be compensated: 42 U.S.C. §§ 406(a) and 406(b), and 28 U.S.C. § 2142(d). Section 406(a) provides the exclusive avenue for attorneys seeking fees for work done before the Commissioner at the administrative level. The fees awarded under §406(a) are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(a)(2)(A) and (B). Section 406(a) caps the fees that may be awarded at twenty-five percent of past-due benefits awarded or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II).

For fees incurred representing claimants in federal court, claimants may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and the EAJA. Under Section 406(b), upon entry of judgment in favor of a claimant, the Court may award a reasonable fee for work performed before the Court, which is paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) imposes a cap on the total amount of fees that may be awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) provides that a Court may not award fees "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

In Wood v. Comm'r of Soc. Sec., 861 F.3d 1197, (11th Cir. 2017), the Eleventh Circuit followed the Fifth District's decision in Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir. 1970). There, the Fifth Circuit held that 42 U.S.C. § 406 "precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits

received by the claimant." Consequently, the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits.

The EAJA permits a claimant to seek an award of fees against the government for work that is done before the Court if the claimant prevailed and the position of the Commissioner is not substantially justified. 28 U.S.C. § 2412(d)(1)(A). The EAJA contains a Savings Provision providing that "where the claimant's attorney receives fees for the same work under both [406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." 28 U.S.C. 2412 note, Act of Aug. 5, 1985, Pub.L. No. 99-80, § 3, 99 Stat. 183, 186 (unmodified). See Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010) (noting that the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) request); Mills v. Colvin, Case No. CV413-044, 2016 WL 4223649, at *2 (S.D. Ga. Aug. 9, 2016) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 806 (2002)).

The application of these provisions means the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits, and double payment under the EAJA is not allowed. See, e.g., Paltan, 518 F. App'x at 674; Bookman, 490 F. App'x at 314; Bibber v. Comm'r of Soc. Sec., No. 6:12-cv-1337-ORL, 2015 WL 476190 (M.D. Fla. Feb. 5, 2015); Carbonell v. Comm'r of Soc. Sec., No. 6:11-CV-400-ORL-22; 2015 WL 631375 (M.D. Fla. Feb. 13, 2015) ("No matter what statute or combination of statutes an attorney uses to obtain fees after a successful Social Security appeal, binding Eleventh Circuit precedent caps the aggregate amount of attorney's fees at 25 percent of the past-due benefits awarded to claimant").

Additionally, the fee itself must be reasonable. In capping the fee at 25%, "Congress ... sought to protect claimants against 'inordinately large fees' and also to

ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht, 535 U.S. at 805 (citations omitted). "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. In making this reasonableness determination, a court can consider several factors, including: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. In these instances, a downward reduction may be in order and the Court can appropriately reduce the fee. Id. at 805, 808.

## II. The Fee Calculation

Plaintiff received an award of past-due benefits in the amount of $71,861.00 (Doc. 25-1 at 4). Twenty-five percent of that award is $17,965.25 (Id. at 5). Plaintiff's counsel accounts for both 406(a) and 406(b) fees by petitioning the Court for authorization to charge his client a fee for federal court representation in the amount of $11,965.25 (Doc. 25 at 2 and 4, ¶¶ 3, 9). Additionally, counsel admits (and the docket confirms) that he has already received an EAJA fee in the amount of $6,138.00 (Doc. 24; Doc. 25 at 2, ¶ 4). Counsel asks that he be allowed to refund the EAJA fee amount to Plaintiff directly (Doc. 25 at 2, ¶ 4).

## III. Conclusion

Upon due consideration, I **RESPECTFULLY RECOMMEND** that the motion (Doc. 25) be **GRANTED**. I further recommend that the district judge find that counsel is entitled

to § 406(b) fees **in the amount of $11,965.25** to be paid out of Plaintiff's past due benefits currently being withheld by the Commissioner. Upon receipt of these funds, Counsel shall promptly **REFUND** to Plaintiff the EAJA fee of $6,138.00 previously awarded.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on September 14, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding District Judge
    Counsel of Record